ELIZABETH SCOLLARD & another *vs.* FRANK NORMILE.

Suffolk.   January 20, 1902. — May 22, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Easement*, Equitable restriction.

One who has unintentionally violated a restriction in his deed by a projection over a building line cannot enforce the restriction against an adjoining owner who also in good faith has committed a similar violation.

BILL IN EQUITY, filed November 8, 1900, to restrain the defendant from continuing the erection of his house within ten feet of the line of Calumet Street in Boston and for an order requiring the defendant to move back his house and to pay the plaintiffs damages.

At the hearing in the Superior Court before *Bell*, J., it appeared, that the plaintiffs' deed was dated May 16, 1893, and the defendant's deed April 25, 1896.   Both contained restrictions requiring that no building should be erected or maintained within ten feet of Calumet Street.   The restrictions in the defendant's deed were to remain in force for fifteen years from June 1, 1894. The houses both of the plaintiffs and the defendant projected into the restricted space and in a similar manner.   The plaintiffs did not know this until after the filing of their bill.   The plaintiffs built in 1893, and the defendant in 1900, his house being nearly completed when the bill was filed.   In both cases the architects

and builders were instructed to erect the houses ten feet back from the street, and in both cases the violation of the restriction was unintentional.

The judge signed a statement of the facts found by him, and made a decree dismissing the bill; and the plaintiffs appealed.

*W. P. Hale,* for the plaintiffs.

*P. O'Loughlin,* (*T. J. Ahern* with him,) for the defendant.

HAMMOND, J. Upon the facts found by the judge and those shown on the plan, there is no equity in the case of the plaintiffs. Both parties have violated the restrictions, and in each case the violation was not wilful but unintentional. In view of these circumstances, the kind and degree of the respective violations and the short time remaining of the life of the restrictions, it would be plainly inequitable to compel the defendant to move or alter his building at the request of the plaintiffs, the situation of whose building, so far as respects the restrictions, is nearly, if not fully, as objectionable as that of the defendant. See *Bacon v. Sandberg,* 179 Mass. 396, and authorities cited therein as to the principles which should govern in such a case.

*Decree affirmed.*