NETTIE A. LOUD *vs.* AMELIA PENDERGAST.

Suffolk. March 17, 1910. — May 19, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Equitable Restrictions. Equity Jurisdiction*, To enforce equitable restrictions, Laches, Plaintiff must come into equity with clean hands.

Relief in equity in a suit to restrain the violation of a building restriction and to compel the removal of so much of a building which the defendant had erected on his land as violated the restriction is granted only when it is sought with promptness and will not be granted if it appears that the plaintiff stood by in silence while the defendant in good faith and under an assumed right incurred considerable expense in erecting his building, when seasonable notice or other appropriate action on the part of the plaintiff might have prevented the wrong complained of.

Ordinarily relief in equity in a suit to restrain the violation of a building restriction, imposed as a general scheme for the common benefit upon all the lots of land in a subdivided tract, will not be granted where it appears that the plaintiff, who owns land subject to the same restriction, is violating the very restriction which he seeks to enforce substantially to the same extent and in the same general way as is the defendant.

In a suit in equity to restrain the violation of a building restriction, imposed for a period of thirty years as a general scheme for the common benefit upon all the lots of land in a subdivided tract, relief ordinarily will not be granted if the suit is begun after fifteen years of the period has run and it appears that there has been no uniform observance of the restriction and that substantially all the

owners of lots in the tract have so conducted themselves as to indicate an abandonment of the right to have the neighborhood kept to the standard established by the original scheme, that the enforcement of the restriction against the defendant will not tend materially to restore to the district the character impressed upon it by the scheme, and that the infraction complained of does not diminish the value of the other estates in the tract.

In a suit in equity to restrain the defendant from violating a building restriction imposed upon all the lots of land in a subdivided tract for the common benefit, it appeared that the plaintiff and the defendant owned adjoining lots in the tract, the plaintiff having purchased in 1900 and the defendant in 1902. The restriction was imposed in 1895 upon all the lots of the tract, including those of the plaintiff and of the defendant, and was that "all buildings shall be set back from the street line at least ten feet"; that on many of the lots in the tract buildings, which had been completed and occupied for several years previous to the alleged violation of the restriction by the defendant, had been erected within ten feet of the street lines without objection from any one; that in 1903 the plaintiff had built upon his lot a one story building flush with the street line which in 1907 he removed and in its place erected a three story building, the main part of which encroached a few inches, and bay windows of which projected over three feet into the prohibited area, and that he also had set up a wooden sign board four feet by nine feet, one end of which was within a foot of the street line. It also appeared that the defendant in December, 1908, set up batten boards for a building on his lot, which stood within three feet of the street line and remained about two months, that on February 18, 1909, the excavation of the cellar began, that the foundation, including that of a bay, was completed on March 11, that the house was boarded in on March 20 and work was continued until it was substantially finished on the outside with the exception of painting and a little work on the piazza, when, on April 9, 1909, the plaintiff began this suit. A small part of the main body of the defendant's house at one corner and a bay window extending from the ground through the second story and a piazza and steps encroached within the restricted area. The defendant assumed that he had a right so to build, relying on the position of the plaintiff's building and the general disregard of the restrictions by others. The plaintiff was in his building daily and had ample opportunity to protest to the defendant but did not do so, and did not consult counsel until April 6, 1909. *Held,* that the facts showed that the plaintiff had no right to equitable relief and that the bill should be dismissed.

RUGG, J. This is a suit to restrain the alleged violation of a building restriction. A tract of land called Shirley Park was laid out in 1895 with streets, and the lots were sold subject to the restriction, imposed as a general scheme for the common benefit, that " all buildings shall be set back from the street line at least ten feet." The plaintiff and the defendant each own one of these lots, which are adjacent. Each has erected a building on her lot. A small part of the main body of the defendant's house at one corner and a bay window extending from the ground through the second story, and a piazza and steps are

within the restricted area. These constituted a violation of the restriction. *Reardon* v. *Murphy*, 163 Mass. 501. *Bagnall* v. *Davies*, 140 Mass. 76. *Linzee* v. *Mixer*, 101 Mass. 512. *Sanborn* v. *Rice*, 129 Mass. 387. *Payson* v. *Burnham*, 141 Mass. 547.

It is urged that the plaintiff is not entitled to relief because she has been guilty of laches, because she has herself violated the same restrictions in such a way that she comes into court with unclean hands, and because the original scheme has been so generally violated in the neighborhood as to make it unconscionable to enforce the restriction against this defendant.

Relief in equity in cases of this nature is granted only when sought with promptness, and where active diligence has been exercised throughout respecting the matter of complaint. Conscience requires that one should not stand by in silence, while another makes considerable expenditures in good faith under an assumed right, and then ask a court to enforce compliance with the restrictions at great loss, when seasonable notice or other appropriate action might have prevented the wrong complained of. *Stewart* v. *Finkelstone, ante,* 28, and cases cited.

Where a plaintiff has violated the very restriction he seeks to enforce to substantially the same extent and in the same general way as has the defendant, and there is no material difference in kind or degree between them, a court of equity will not ordinarily interfere. *Bacon* v. *Sandberg,* 179 Mass. 396. *Scollard* v. *Normile,* 181 Mass. 412. Such a plaintiff is not in a position justly to complain, for he does not come into court with clean hands respecting the precise subject as to which he invokes relief, nor has he complied with the maxim that he who seeks equity must do equity. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122. This rule is applied in other jurisdictions. *Olcott* v. *Knapp,* 96 App. Div. 281; *S. C.* 185 N. Y. 584. *Landell* v. *Hamilton,* 177 Penn. St. 23. *Ocean City Association* v. *Hadley,* 17 Dick. 322. *Ewertsen* v. *Gerstenberg,* 186 Ill. 344. *Brutsche* v. *Bowers,* 122 Iowa, 226.

Where there has been no uniform observance of the restrictions and substantially all the landowners have so conducted themselves as to indicate an abandonment of the right, which is in the nature of an easement, to have the neighborhood kept to

the standard established by the original plan, and where the enforcement of the restriction against the defendant will not tend materially to restore to the district the character impressed upon it by the scheme, and the infraction complained of does not diminish the value of other estates, then it would be inequitable and oppressive to compel at great loss a compliance with the restrictions. *Jackson* v. *Stevenson*, 156 Mass. 496. *Boston Baptist Social Union* v. *Boston University*, 183 Mass. 202. There is added force to the argument drawn from these cases when, as in the present case, under R. L. c. 134, § 20, the restriction will expire after thirty years, about one half of which has already run.

The facts as to which these principles are to be applied were found by the judge of the Superior Court.* As the evidence upon which they rest is not reported they must be assumed to be true. They are, in substance, as follows: On many of the lots in Shirley Park buildings, completed and occupied for several years prior to the acts here complained of, have been erected within ten feet of the street lines without objection from the plaintiff or any one else. The plaintiff bought her lot in 1900, and in 1903 built a one story building flush with the street line. This building was removed in 1907, and in its place a three story building was erected, the main part of which encroached a few inches upon the prohibited ten feet and bay windows of which projected into it over three feet. She also erected a wooden sign board measuring four feet by nine feet, one end of which is within a foot of the street line. See *Nussey* v. *Provincial Bill Posting Co.* [1909] 1 Ch. 734. In December, 1908, the batten boards were set for the house upon the defendant's lot, standing within three feet of the street line, and these remained about two months.† On February 18, 1909, excavation of the cellar began, and the foundation, including that of the bay, was completed March 11, and the house was boarded in March 20, and work continued until the April 9 following, when the house was substantially finished on the outside with the exception of painting and a little work on the piazza. On the last date process was served in this suit. The defendant's house stands

---

* *Dana*, J.

† The defendant's deed was dated July 26, 1902.

with reference to the restrictions in material respects the same as the plaintiff's. The defendant assumed that she had a right thus to build, relying upon the position of the plaintiff's building and upon the general disregard of restrictions by others. The plaintiff was in her building every day during the progress of the work, and, although she often saw the defendant and her husband who was her agent and daily upon her premises, made no protest to either of them, and did not consult counsel until April 6. The erections complained of cause no pecuniary damage to the plaintiff, and do not diminish the market value of her estate. The enforcement of the restriction against the defendant will make her house less commodious and attractive and thus would cause her substantial loss.

This narration demonstrates that, taking all the facts together, the plaintiff has failed to establish a right to equitable relief under the governing rules of law which we have stated. The decree dismissing the bill is to be so modified as to include the costs of this appeal, and as so modified is to be affirmed.

*So ordered.*

*S. R. Cutler*, for the plaintiff.
*H. S. Davis*, for the defendant.