WILLARD J. BALCOM, executor, & another, *vs.* KATHERINE A. NORMILE & another.

Middlesex.     December 8, 1925. — February 27, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, Plaintiff must come into court with clean hands. *Equitable Restriction.*

The owner of a lot of land which is subject to a restriction that it should not be used "for any purpose which shall tend to disturb the quiet or comfort of the neighborhood," and upon which he has erected and is maintaining a garage for the use of "two live and one dead" motor cars, cannot maintain a suit in equity to enjoin the owner of an adjoining lot, which is subject to the same restriction, from erecting thereon a garage for six cars.

BILL IN EQUITY, filed in the Superior Court on January 16, 1924, to restrain the defendants from erecting on their premises a certain garage and there storing "volatile, inflammable liquid."

In the Superior Court, the suit was heard by *Morton,* J., a stenographer having been appointed under Equity Rule 35 (1905), G. L. c. 221, § 85, to take the evidence. Material

facts found by the judge are described in the opinion.  By order of the judge, a final decree was entered dismissing the bill.  The plaintiff appealed.

W. A. *Lackey*, for the plaintiffs.

A. F. *Harrington*, for the defendants.

BRALEY, J.  This bill was filed January 16, 1924, but, the original plaintiff Libbie A. Balcom having died April 22, 1924, her executor Willard J. Balcom was admitted to prosecute the suit February 21, 1925.  We shall refer to the testatrix as the plaintiff.

The parties derive title by mesne conveyances under a deed dated February 22, 1869, given by George H. Kuhn and Joseph A. Holmes, executors of the last will of Edward T. Hastings, to James W. Packer, which refers to a plan of the land on record in the registry of deeds, where the deed also was recorded.  The deed included four parcels, but only the first parcel is here material.  It was thereafter divided into twenty-two lots as shown by a plan forming part of the record.  If this plan is followed, the plaintiff owned lot six, and the defendant Normile lots seven and eight, all of which abutted on Pearl Street, named in the original deed. We assume on the record that the restrictions enumerated in the deed were binding not only on Packer, but on all those deriving title from him.  *Evans* v. *Foss*, 194 Mass. 513, 515. The following is the only restriction pertinent to the case at bar: that the land should not be used "for any purpose which shall tend to disturb the quiet or comfort of the neighborhood."

It was undisputed that the defendant Normile had obtained a permit from the public authorities to build on lot seven, which is contiguous to lot six, a garage for the storage of six cars, with a driveway leading to Pearl Street, the foundations of which had been laid when the plaintiff brought suit on the restriction to enjoin its construction and maintenance.  The evidence was taken by a commissioner.  We have read it.  The judge was warranted in making the following findings: "The evidence showed merely that the garage was to be erected for six cars and did not indicate whether it was to be used for public or private purposes.

I am not able to find as a fact . . . that such use would necessarily constitute a breach of the restrictions. It appears from the evidence that there are at least two other garages in the immediate vicinity, one of which is upon the premises of the plaintiff, which are being let and used for purposes of a garage, in the former instance for four cars and in the latter, that of the plaintiff's building, for two live and one dead car." And his rulings of law were correct that, "The plaintiff . . . is not in a position to claim under the evidence that his neighbor should be enjoined from using her premises for a garage for six cars while he is using his for the purpose of at least two cars. If . . . the maintenance of a garage in and of itself tends to disturb the quiet or comfort of a neighborhood the plaintiff is violating such restrictions as much as his neighbor, and is not . . . in a position where he can equitably claim that she should be enjoined." The plaintiff must be presumed to have had constructive notice of the restrictions. *Peck* v. *Conway*, 119 Mass. 546. *Gillespie* v. *Rogers*, 146 Mass. 610. And her conduct in the use of her land as found by the trial court was of the same character as the alleged breach of the restrictions by the defendant. It is settled, that because of her own acts she cannot invoke the aid of a court of equity to prevent the defendant from erecting and maintaining the garage. *Bacon* v. *Sandberg*, 179 Mass. 396, 400. *Howe* v. *Chmielinski*, 237 Mass. 532, 536.

If the plaintiff cannot prevail, the motion of the mortgagee who held a mortgage on the plaintiff's lot to be admitted as a party plaintiff becomes immaterial, and, finding no reversible error in the plaintiff's exceptions taken during the trial in so far as argued, the decree dismissing the bill is affirmed with costs of the appeal.

*Ordered accordingly.*