EUGENE C. FENTON & another *vs.* NICHOLAS MALFAS.

Hampden.    September 21, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Equity Jurisdiction*, Laches. *Equitable Restriction. Equity Pleading and Practice*, Findings by judge, Appeal.

If, upon an appeal from a final decree in a suit in equity, the entire evidence is reported, the appellant is not harmed by a failure of the trial judge adequately to comply with a request by him for a report of material facts under G. L. (Ter. Ed.) c. 214, § 23.

Laches which will bar a suit in equity is not mere delay but delay that works disadvantage to the defendant.

In a suit in equity to enjoin the maintenance by the defendant on his land of a refreshment stand in violation of a building restriction, the defendant contended that the suit was barred because the plaintiff had been guilty of laches and had acquiesced in the defendant's conduct. There was evidence that a small stand had been placed on the land by the defendant in 1928 and had been removed in 1932; that a more elaborate stand was erected late in 1932; that both stands were portable; that the plaintiff in each instance objected to the placing of the stand on the defendant's land; and that the defendant assured the plaintiff that his business was only temporary and that later he would build a nice house on the lot. The suit was begun in March, 1933. The judge found that there was no laches nor acquiescence on the part of the plaintiff which would bar the suit. The evidence was reported. *Held,* that, on the evidence, the finding not only was not plainly wrong, but was right.

BILL IN EQUITY, filed in the Superior Court on March 20, 1933, to enforce compliance with building restrictions by compelling the removal of a refreshment stand from land of the defendant.

The building restriction applicable to the defendant's land was as follows: "That no building shall be erected thereon except a dwelling house to accommodate not more than one family, and a private garage in the rear thereof to accommodate not more than two cars. The main foundation of said dwelling shall set back at least twenty-five feet from the street line of Northampton Street except that steps, windows, porticoes, piazzas and the usual projections may be within said distance and no projection of the dwelling or garage shall be within ten feet from the street line of Dillon Avenue."

The suit was heard by *Dillon,* J., the evidence being reported. Material evidence and findings and rulings by the judge are described in the opinion. From a final decree for the plaintiffs, the defendant appealed.

The defendant also saved an exception to and appealed from the judge's refusal, described in the opinion, to find facts other than those stated in his indorsement on the bill.

*J. Ogan & S. Ogan,* for the defendant, submitted a brief.

*F. Hurley,* for the plaintiff.

RUGG, C.J.  This is a suit in equity to enforce compliance with building restrictions by compelling the removal of a refreshment stand from land of the defendant.  The trial judge indorsed on the bill that after hearing he found and ruled that "the allegations in the within bill of complaint are true; that the defendant has violated the restrictions in his deed contained; that the plaintiffs are not guilty of laches and there was no unreasonable delay on their part in bringing the within bill nor anything showing either· actual consent or passive acquiescence on their part."  A decree was entered in favor of .the plaintiffs.  The defendant appealed.  The evidence is reported in full.  The defendant does not now dispute the existence or validity of the building restrictions, nor contend that his building was permitted under them.  He does not question that owners of the estates of the plaintiffs are entitled to enforce those restrictions.  The only defences argued on the merits are laches by the plaintiffs and acquiescence by them in the constructions of the defendant.

The defendant filed a request for report of the material facts.  G. L. (Ter. Ed.) c. 214, § 23.  On this request the trial judge wrote in substance that his statement indorsed on the bill of complaint and quoted above contained a recital of material facts and he had nothing to add.  Whether this was a full compliance with the statute in respect to the defence of laches need not be considered because the defendant has not put himself in a position to question its sufficiency.  *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456.  *Building Inspector of Salem* v. *Gauthier,* 259 Mass. 615.  The defendant has suffered no harm because the entire evidence is in the record.  In these circumstances this court examines the evidence and decides the case on its own judgment, but a decision by the trial judge upon oral testimony will not be reversed unless plainly wrong.  *Lindsey* v. *Bird,* 193 Mass. 200, 201.

Whether there was laches or acquiescence on the part of the plaintiffs was a question of fact.  There is ample evidence that there was no laches or acquiescence on the part

of the plaintiffs with respect to the violation by the defendant of the building restrictions. The finding of the trial judge on this point was not plainly wrong but was, in our opinion, right. The first refreshment stand of the defendant was a small affair built in 1928, and entirely removed in 1932. Late in 1932 a more elaborate refreshment stand was erected on the same site. The plaintiffs protested at the erection of each. The present suit was brought in March, 1933. There was evidence that the defendant assured them that his business was only temporary and that later he would build a nice house on the lot. These stands both were portable, built at some place off the lot and moved to it. Failure of the plaintiffs to institute proceedings more promptly did not constitute laches in all the circumstances. The period of time was not long. The defendant was not misled by failure of the plaintiffs to act more expeditiously. The transient nature of the stands was a factor to be considered in determining whether there was undue delay on the part of the plaintiffs. "Laches is not mere delay but delay that works disadvantage to another." *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 69. *Carter* v. *Sullivan,* 281 Mass. 217, 227. The plaintiffs did not sit idly by and permit expensive structures to be constructed. They gave seasonable notice of objection to violation of the restrictions by the defendant. The words and conduct of the defendant to some extent tended to invite the plaintiffs to wait. It is not necessary to recite or to summarize the evidence further. The decree was right. *Stewart* v. *Finkelstone,* 206 Mass. 28.

*Decree affirmed with costs.*