BERNARD GILBERT & others, trustees, *vs.* REPERTORY,
INCORPORATED.

Suffolk.    November 7, 1938. — January 5, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Equitable Restrictions. Equity Jurisdiction,* To enforce equitable restric-
tions, Plaintiff's clean hands. *Equity Pleading and Practice,* Findings
by judge, Appeal, Decree.

The owner of one of several lots subject to an equitable restriction re-
quiring set-back of buildings fifteen feet from the street line and pro-
hibiting projections of more than five feet excepting door steps, balus-
trades and cornices, was entitled on the facts found to a mandatory
injunction against the owner of another of the lots for the complete
removal of marquees of substantial and permanent construction ex-
tending from the defendant's theatre over the restricted space, and of
supporting columns located therein.

A minor and transitory violation by a landowner of an equitable restric-
tion by erecting within a restricted space in front of his building two
unattached posts and an easily removable awning frame of temporary
character did not preclude him from relief by injunction against an-
other landowner's serious violation of the same restriction by the
erection and maintenance of substantial and permanent structures
within the restricted space.

In the absence of a report of the evidence or of a finding by the trial
judge on a certain issue of fact, the finding on that issue imported
from the terms of the final decree must stand on appeal.

In a suit in equity to enjoin the maintenance of certain marquees in a
restricted space in violation of an equitable restriction, an injunction
specifying marquees, "buildings, or structures" was too broad; the
relief should have been confined to the marquees.

BILL IN EQUITY, filed in the Superior Court on December
13, 1937.

By order of *T. J. Hammond,* J., a final decree was entered
ordering the defendant to "remove both of said marquees
and all supports" and permanently enjoining the defend-
ant "from erecting or permitting any marquee or marquees,
buildings, or structures or any part thereof, either present
or future," in violation of the restrictions. The defendant
appealed.

*C. F. Schipper, Jr.,* for the defendant.

*I. O. Goverman,* (*J. Nelson* with him,) for the plaintiffs.

RONAN, J. This is a bill to enforce an equitable restriction. The plaintiffs alleged and the judge found that the parties were the owners of adjoining parcels of land abutting upon Huntington Avenue, in Boston, which were portions of a larger tract coming from a common grantor who, in 1872, and before the transfer by him of the parcels now owned by the respective parties, established certain restrictions for the benefit of all the parcels sold from the original tract; that one of these restrictions required the owner of each lot to set back the front wall of his structure fifteen feet from the avenue, and "provided that steps, windows, porticoes, and other usual projections appurtenant to front wall are to be allowed in reserved space, subject to following qualifications: 1st, no projection of any kind (other than door steps and balustrades connected therewith and cornices at roof bldgs) will be allowed to extend more than 5 feet from front wall"; that the defendant in violation of the restriction built two marquees, one over each entrance to its theatre, one of which is supported by three columns and the other by two columns; that both marquees are located within fifteen feet of the side line of Huntington Avenue; and that, notwithstanding notice from the plaintiffs that the erection of these marquees would be violative of the restriction, the defendant continued to complete these marquees and has since maintained them in the operation of the theatre conducted upon its premises.

The judge also found that the marquees extend twenty-five feet from the defendant's building, including the ten feet they project over the sidewalk; that one marquee is twenty and one half feet wide and the second is ten feet nine inches wide; that the wider marquee has three hollow supports, two of which are used for theatre display and advertising purposes, while the middle one, which is about four and one half feet deep and three feet three inches wide, is used as a ticket office; that these three supports rest on the steps leading to the terrace and are built on the

line of Huntington Avenue; that the smaller marquee has two supports: one, about four feet nine inches in depth and three feet six inches wide, used as a ticket office, and the other for advertising purposes; that these two supports rest partly on steps leading to the terrace and partly upon the sidewalk; that both marquees are of substantial and permanent construction; and that upon the roof of each is a façade some five or six feet wide used for electric signs. The judge further found that the plaintiffs have not sustained any substantial damage on account of the marquees but that serious damage will result if they are permitted to continue. From a final decree ordering the defendant to remove the marquees and their supports and enjoining it from erecting any other such structures. the defendant appealed.

As there is no report of the evidence, the findings of fact, not being inconsistent with the conclusion reached, must be accepted as true, and our duty is to determine whether the final decree was within the scope of the bill and supported by the facts found. *Peabody* v. *Dymsza*, 280 Mass. 341. *Downey Co.* v. *282 Beacon Street Trust*, 292 Mass. 175.

The restriction imposed upon the lands of the parties was created by the common grantor as a part of a general scheme or plan for the benefit of his own land and also for the benefit of the several lots which he conveyed; and while such restriction imposes a liability upon each lot owner in favor of the grantor, it also gives each grantee, as appurtenant to his land, a right in the general nature of an easement, which he can enforce in equity by compelling compliance with the terms of the restriction, and thereby secure the benefit intended by those who have joined in the scheme by the purchasing of lots in reliance upon the observance of the restriction by each for the benefit of all the landowners. *Hano* v. *Bigelow*, 155 Mass. 341. *Evans* v. *Foss*, 194 Mass. 513. *Allen* v. *Massachusetts Bonding & Ins. Co.* 248 Mass. 378. *Vorenberg* v. *Bunnell*, 257 Mass. 399. *Snow* v. *Van Dam*, 291 Mass. 477. *Ward* v. *Prudential Ins. Co.* 299 Mass. 559, 564, and cases cited. The restriction, which upon the findings was in full force and effect,

required that the front of each lot to the depth of fifteen feet should be maintained as an open space excepting, so far as now material, that door steps, balustrades and roof cornices might extend for a distance of not more than five feet from the front of the building. Plainly, marquees of the size, construction and description shown by the record are in violation of the restriction and will seriously injure the plaintiffs' property. *Attorney General* v. *Gardiner,* 117 Mass. 492. *Reardon* v. *Murphy,* 163 Mass. 501. *Sanborn* v. *Rice,* 129 Mass. 387. *Stewart* v. *Finkelstone,* 206 Mass. 28. *Fenton* v. *Malfas,* 286 Mass. 339.

The defendant not only had constructive notice of the restriction imposed upon its land in favor of the plaintiffs' land, but, notwithstanding the protest of the plaintiffs, it continued the erection of the structures and has since maintained them in an attempt to override the restriction. There is nothing in the circumstances that would warrant the court in confining relief to the payment of damages or, as the defendant contends, to ordering the removal of the supports and permitting the continuance of the marquees. There are instances where equity has refused to grant relief as broad and as extensive as the covenants entered into between parties, on the ground that such measure of relief was not necessary to the full enjoyment of the rights secured by such covenants. *Boston & Suburban Laundry Co.* v. *O'Reilly,* 253 Mass. 94. *Edgecomb* v. *Edmonston,* 257 Mass. 12. *Becker College of Business Administration & Secretarial Service* v. *Gross,* 281 Mass. 355. But each of the marquees with its supports was a single structure and the elimination of the supports would not bring the marquees outside the restriction even though they were so firmly attached to the front of the building as not to require any other support. *Sanborn* v. *Rice,* 129 Mass. 387, 397. *Bagnall* v. *Davies,* 140 Mass. 76. We think, in the light of the findings, that the judge was right in issuing a mandatory injunction requiring the removal of the offending structures. *Daly* v. *Foss,* 199 Mass. 104. *Codman* v. *Bradley,* 201 Mass. 361. *Stewart* v. *Finkelstone,* 206 Mass. 28. *Snow* v. *Van Dam,* 291 Mass. 477.

The defendant contends that the plaintiffs are violating the identical restriction that they are endeavoring to enforce. The judge found that two iron posts, one six inches and the other eight inches in diameter, were located within the fifteen-foot reserved space in front of the plaintiffs' property; that both posts supported advertising signs; that the posts were set in the cement sidewalk, without being attached to the building, and could easily be removed; that in front of the restaurant upon the plaintiffs' premises, is a light-framed, wood and glass, winter vestibule, which projects four feet from the building and is of temporary construction; that an awning frame, extending over this doorway for about nine feet into the reserved space, is used for advertising purposes by the plaintiffs' lessee. The awning frame was found to be a violation of the restriction, but there is an additional finding "that it is of very slight import and does not preclude the plaintiff[s] from maintaining this bill," and that the defendant has not been damaged in any way by the signs or awning located upon the plaintiffs' property. One who is guilty of a substantial violation of a restriction has no standing in court to enforce the observance of the same restriction by another. The granting of relief to such a one would be contrary to the established maxims of equity. *Scollard* v. *Normile*, 181 Mass. 412. *Balcom* v. *Normile*, 255 Mass. 186. The plaintiffs, however, are not shown to have made a permanent appropriation of any portion of the reserved space in the front of their property. The storm door to the restaurant and the awning are both of a temporary character. They can be easily removed. The judge took a view, and we have examined the photographs submitted with the record. The finding that the awning frame is of very slight import was warranted. Such a minor infraction of a restriction, so trifling in character as to cause no damage or harm, and as transitory as the period during which the awning, sign and storm door would ordinarily be in use, can hardly be said to be of sufficient significance or apparent materiality to bar one from invoking the aid of a court of equity to enjoin the continuing serious breach of the restriction by

the defendant. *Bacon* v. *Sandberg*, 179 Mass. 396, 400. *Stewart* v. *Finkelstone*, 206 Mass. 28, 37. *Wilson* v. *Middlesex Co.* 244 Mass. 224, 231.

The defendant further contends that the restriction in question has lost its force and effect by reason of a material change in the character of the neighborhood since 1872, and the widespread and general disregard of the restriction. We have no report of the evidence and there is no finding on this issue by the judge. The defendant, if it desired to raise the issue, could have secured a report of whatever evidence was introduced in support of its contention and, if necessary, could then have secured a decision by this court. Whether there was a change in the neighborhood was a question of fact. *Jackson* v. *Stevenson*, 156 Mass. 496. *Stewart* v. *Finkelstone*, 206 Mass. 28. *Vorenberg* v. *Bunnell*, 257 Mass. 399. *Jenney* v. *Hynes*, 282 Mass. 182. Whether there has been such a general and uniform lack of observance of the restriction by substantially all the landowners in the vicinity so as to indicate an abandonment of their right to have the neighborhood kept in accordance with the standard set by the restriction, was also for the determination of the trial judge, if any evidence was introduced in support of such a contention. *Loud* v. *Pendergast*, 206 Mass. 122. *Snow* v. *Van Dam*, 291 Mass. 477. The entry of the final decree implied the drawing of all reasonable inferences in support of the conclusion reached. *Seager* v. *Dauphinee*, 284 Mass. 96. *Karas* v. *Karas*, 288 Mass. 460. *Welch* v. *Flory*, 294 Mass. 138.

As the plaintiffs complain only of the marquees and their supports, relief should be confined to them. *Gamwell* v. *Bigley*, 253 Mass. 378; *Dubinsky* v. *Cama*, 261 Mass. 47; *Morin* v. *Clark*, 296 Mass. 479. The final decree should be modified by striking out the words, "buildings, or structures or any part thereof," and as so modified it is affirmed with costs.

*Ordered accordingly.*