Jokes, P. J.
The plaintiff herein seeks to recover for personal injuries suffered by her on February 1,1939, when alighting from a passenger train of the defendant.
The facts were all agreed in writing. From this writing, it appears that the plaintiff, a passenger, “alighted from the (defendant’s) train on the steps on the left side of the rear platform of the last car” of the train. It was also agreed that the train left Boston at 5:28 P. M.; this train was due in Danvers at 6:17 P. M.; the running time of this train is about forty-nine minutes. It was, therefore, dark at the time of plaintiff’s arrival, and it was further agreed that the plaintiff and other passengers had alighted in this manner for some length of time, but an entire absence of evidence that the defendant’s servants had any knowledge of this alighting by the plaintiff and *15 others. It also appeared that it was usual that the platform gates were open on both sides of the car where the plaintiff alighted, whenever such alighting was done, but there was no evidence as to who opened the gates. There was also evidence of no light at the point of the accident; but the lights on the station platform, provided for the plaintiff to alight upon, were lighted and burning properly. Train men were stationed on the station platform on the right side of the train and, except for a few who got off on the left side, as did the plaintiff, the passengers all got off on the right side. As the plaintiff got off the steps she stepped into a dark hole where the tracks of the Newburyport and Lawrence branches cross, and there received the injuries complained of. There was evidence that this hole had existed for years.
Before these facts were finally agreed upon by the parties, the plaintiff requested that there be inserted into the agreement that the plaintiff and another witness would testify “that no direction was given to them at any time by the defendant not to leave the train in question on the left hand side upon the arrival of said train at the station.” The defendant objected to this insertion and over the plaintiff’s exceptions the court excluded it from the agreed statement of facts and denied the admission of the said evidence.
The validity of this denial is questioned by the plaintiff. In order for any such evidence to be material it should have been shown that the defendant’s servants knew such manner of leaving the train was incorrect use. The agreed facts, as otherwise stated, show, if such evidence was admissible, it would neither add anything to, nor detract anything from, the agreed facts and, further it does not appear by any evidence that the defendant’s agents had any knowledge of the habit of the plaintiff or others to get off the *16 train on the side away from the platform furnished for them to alight on.
And the evidence rejected fails also to show in any way that defendant’s servants knew of such acts of the plaintiff and others in getting from the train. The offered evidence in no way affects the defendant. In the absence of any evidence of knowledge of the defendant’s servants of such habit, there is no invitation shown to use the left side of the ear for egress. Legge vs. N. Y., N. H. & H. Rd., 197 Maks. 88-90.
There was, therefore, no harmful error, if any error at all, in the refusal to allow the admission of this evidence ; and we have treated this matter as if the question were properly before us, although we do not so think. And, further, we doubt the plaintiff’s right to question now the exclusion of this evidence, as no request for a report on this ruling was filed with the clerk, as required by G. L. (Ter. Ed.), c. 231, §108. Mass. Building Finish Co., Inc. vs. Brenner, 288 Mass. 481, 482. Murphy vs. Wm. C. Barry, Inc,, 1936 Mass. Adv. Sheets, p. 1379.
By the submission to the court of the agreed facts, we must determine the case upon the merits, that is, upon the facts agreed and upon the merits or demerits of the rulings requested and denied. Fay vs. Duggan, 135 Mass. 242-243. Bartlett vs. Tufts, 241 Mass. 96-99.
And the plaintiff states his grounds of appeal, exclusive of the evidence above mentioned and excluded, to be in reference to the court’s refusal to give the rulings requested by her. These rulings were as follows:
“1. If the court finds it was a long established practice for passengers to alight from the defendant’s train at this station on the side away from the station, the court should find for the plaintiff.”
We think this request was properly denied. It failed to charge the defendant with any knowledge of the practice, *17 and the evidence is strangely deficient of any evidence showing the failure of the defendant to maintain any precautions, which it should have maintained. The evidence in the agreed facts clearly failed to show the failure of any duty Owed the plaintiff by the defendant.
“2. If the court finds that the gate on the car on which the plaintiff was riding located on the side away from the station was open, this was an invitation from the defendant to its passengers, including the plaintiff, to leave the train on that side.”
This was properly refused, first, because there is no evidence that the defendant, or any of its employees, was a party to the opening of the gates on both sides of the ear and, consequently, the mere fact that the gates were open on the wrong side and away from the station, shows in no way defendant’s knowledge that the gates were so opened and used and no invitation of the defendant, or its employees, to leave the train on that side is shown thereby.
“3. If the court finds that the plaintiff was in the exercise of due care, and was a passenger of the defendant at the time of the accident, and the place where the plaintiff alighted from said train, was in an unsafe and dangerous condition, the plaintiff is entitled to recover.”
We think this was also properly refused because the plaintiff, by getting off the wrong side of the car could well be found not in the exercise of due care; and by so leaving the train she then ceased to be a passenger of the defendant and, therefore, the plaintiff was not entitled to this request.
“4. On all the evidence the plaintiff is entitled to recover.”
was not in form required by Rule XXVII of the Rules of the District Court which provides that
*18 “No review as of right shall lie to the refusal for a( ruling ‘upon all the evidence’ in a case admitting of specification on the grounds upon which such request is based”
as the ease at bar. This rule has been applied in many cases. And the trial judge found the following:
“I find as a fact that the plaintiff in this case at the time and place of her injury was a licensee merely and had ceased to be a passenger and was not in the exercise of due care when she alighted from the left side of the train. I find the defendant was not negligent.”
The court, upon the request of the defendant, made rulings, which the plaintiff says were wrong, in substance, as follows:
That, in order to recover, the plaintiff must show that the defendant, or its agents, were negligent, and that in order to recover the plaintiff must show a dangerous or defective condition to its agents, or that it should have, in the exercise of due care, been known to its agents, and that it had existed long enough for them to have an opportunity to repair it, and the plaintiff in alighting from the passenger. car on the wrong side of the platform was negligent.
All of the defendant’s requests for rulings were given and we see no error in this, and no other matter is open to the plaintiff. Lariviere vs. Boucher, Mass. Adv. Sheets, 1937, p. 519. And, therefore, we can but conclude that no error has been committed. Fenton vs. Malfas, 286 Mass. 339. Hogan vs. Hogan, 286 Mass. 524.
It may be said, in passing, that the plaintiff’s argument is based on facts entirely different from those shown, and we do not think it necessary to take them up more fully than we have.
Report dismissed.