R. E. CUNNIFF, INC. *vs.* COMMUNITY SERVICE STATIONS, INC.

Middlesex. October 1, 1962. — November 5, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Easement. Equity Jurisdiction,* Obstruction of easement, Plaintiff's clean hands.

It was proper to deny relief to the plaintiff in a suit in equity seeking removal of a substantial building on a lot of the defendant as being an obstruction of an easement, constituting both a burden upon and an appurtenance of the defendant's lot and adjacent lots of the plaintiff and others, to have a spur railroad track ending on the defendant's lot extended over the other lots, where it appeared that the track had never been extended beyond the defendant's lot, that rail service over the track had ceased and the track had been taken up many years before, that the defendant had first obstructed the easement six years before the commencement of the suit, and that a substantial building on the plaintiff's lot was a denial of the easement as an appurtenance of the defendant's lot and an intervening lot.

BILL IN EQUITY filed in the Superior Court on November 12, 1959.

The suit was heard by *Tomasello, J.,* on a master's report.
*Joseph E. Levine,* for the plaintiff, submitted a brief.
*John T. Riley* for the defendant.

WHITTEMORE, J. In this bill in equity, brought in November, 1959, the plaintiff alleges that a building on the defendant's land violates an easement. The bill seeks removal of the building, a permanent injunction, and damages. The master found that the easement had been abandoned and that the plaintiff, in any event, was not entitled to relief in equity because it also obstructed the easement. The master's report was confirmed and the plaintiff has appealed from a final decree dismissing the bill.

In 1929, the land which now comprises four contiguous lots on Needham Street, Newton, was, by an agreement between its owner and the owner of land adjacent on the west and northwest, given the benefit of an easement to have extended, within a fifteen foot strip along all its northwesterly boundary, a spur track which then ran across the adjacent land and entered what is now the most southwesterly (that is, the first) of the four lots at its westerly corner. Subsequent conveyances created the four lots and subjected each to the benefits and burdens of the easement. The defendant has owned the first lot since 1929, a stranger to this suit owns the second lot, the plaintiff acquired the third lot in 1956, and another stranger to this suit owns the fourth.

The master in his report filed in 1961 found that the easement is obstructed by three substantial buildings of concrete: (1) the building on the defendant's lot erected in 1955 to replace a metal building placed on the strip in 1953; (2) a building, with ramp, on the second lot (date of building not found); (3) a building on the plaintiff's lot built by a predecessor in title about 1953. The track was never extended beyond a point in the defendant's lot; railroad service over the track ceased in 1931; the track was taken up in 1938. In 1947, the plaintiff's predecessor in title obtained from the owner of the fourth lot a release of spur track rights in his premises and over the premises now of the plaintiff.

The facts support the master's conclusion that the easement has been extinguished. *Bangs* v. *Potter,* 135 Mass. 245. *Comeau* v. *Manzelli,* 344 Mass. 375, 381–382. See *Loud* v. *Pendergast,* 206 Mass. 122, 124. All persons possibly concerned are, however, not parties and a ruling on the point is not required. Conclusively for this suit, the absence of any present rail service to give the easement substance and the six year interval between the first obstruction of the easement by the defendant and the bringing of suit makes proper the denial of equitable relief. *Starkie* v. *Richmond,* 155 Mass. 188, 195–196. *Loud* v. *Pendergast,* 206 Mass. 122, 124. *Fenton* v. *Malfas,* 286 Mass. 339, 342. *Albano* v. *Puopolo,* 309 Mass. 501, 510.

Although it does not appear that the rights appurtenant to the two southwesterly lots to exercise the easement over the plaintiff's lot are of any substantial value, the building on the plaintiff's lot is, nevertheless, a denial of the easement and an additional ground for refusing relief in equity. *Bacon* v. *Sandberg,* 179 Mass. 396, 400. *Scollard* v. *Normile,* 181 Mass. 412. *Loud* v. *Pendergast,* 206 Mass. 122, 124. *Gilbert* v. *Repertory, Inc.* 302 Mass. 105, 109. *Tehan* v. *Security Natl. Bank,* 340 Mass. 176, 183.

There was no evidence or finding of damage.

The final decree dismissing the bill is affirmed with costs of this appeal to the defendant.

*So ordered.*