CLIFFORD JOHNSON & another *vs.* UNIVERSAL C.I.T. CREDIT CORPORATION & another. May 27, 1964. Exceptions overruled. Decree affirmed. This case, argued with *Johnson* v. *Fore River Motors, Inc.,* decided this day and relating to the same transaction, is an appeal by the buyer and his

wife from a final decree dismissing their bill seeking to avoid a conditional sales contract with Universal C.I.T. Credit Corporation on the ground that C.I.T. and the seller, also a defendant, had conspired to deceive the plaintiffs in the sale. The plaintiffs also excepted to the refusal of the judge to include in his stautory report of material facts more than the statement that the evidence, viewed in the light most favorable to the plaintiffs, would not warrant a finding for either. The entire evidence is reported. Neither plaintiff testified. There was no error. The entire record shows no evidence to support a finding that either defendant made to either plaintiff a false representation of a material fact to induce the purchase. Although the judge might well have made a specific finding to this effect in aid of this court, no harm has been done to the plaintiffs since all the evidence is before us. *Fenton* v. *Malfas*, 286 Mass. 339, 341. A civil action for conspiracy to deceive falls with the failure to prove the deceit. *Weiner* v. *Lowenstein*, 314 Mass. 642, 646–647. The rulings on evidence show no error.

*Maurice H. Kramer* for the plaintiffs.

*Harold Lavien* for Universal C.I.T. Credit Corporation (*James J. Nixon, Jr.*, for Fore River Motors, Inc., with him).