BATHSHEVA S. WEINSTEIN & another *vs.* LEONARD TARIFF & another. January 29, 1970. The plaintiffs, who are the owners of a parcel of real estate adjacent to the defendants' property, brought this bill in equity to enforce a restriction. The restriction, which was contained in the deed to each lot, was that "there . . . be left a free space [not less than 10 feet] adjoining each of the side lines thereof extending the full depth of the lot and unoccupied by any building or part thereof." On the findings of the master, it is clear that the restriction was imposed pursuant to a general scheme and inured to benefit the plaintiffs' lot. The alleged violation of the restriction consisted in the erection of two sets of steps and landings. One set of steps was "7.99 or 8 feet" from the property line between the plaintiffs' and the defendants' lots; the other set of steps was 7.73 feet from the property line. After detailed findings of the subsidiary facts, the master concluded that, in so far as it was a question of fact, the steps and landings projecting into the free space were not a "building or part thereof" within the meaning of the restriction. He also concluded that the plaintiffs were guilty of laches, a defence that was pleaded. A final decree was entered dismissing the bill. The plaintiffs appealed. There was no error. We lay to one side the master's finding that the erection of the steps and landings did not constitute a violation of the restriction, as we prefer to rest our decision on his finding of laches. A good discussion of the general principles of laches in a case of this kind is contained in *Stewart* v. *Finkelstone,* 206 Mass. 28, 36–37. As the court there observed, "what may be laches in any case depends upon its peculiar facts." See also discussion in *Loud* v. *Pendergast,* 206 Mass. 122, 124. Applying the principles outlined in these cases, we are of opinion that the master's finding of laches was amply supported by his subsidiary findings. They reveal that the plaintiffs stood by in silence for an unreasonable period of time while the

[1] Commonwealth *vs.* Ethel Nagle, Commonwealth *vs.* George Peper, Commonwealth *vs.* John D. Wilton, and Commonwealth *vs.* Stephen D. Kovaka.

steps were being erected by the defendants' predecessor in title, and that had they exercised diligence the wrong complained of would in all probability have been prevented. The defendants, according to the master, acted in good faith, and the plaintiffs' delay in asserting their rights "contributed to or caused disadvantage and harm to the defendants."

*Interlocutory decree affirmed.*
*Final decree affirmed with costs of appeal.*

The case was submitted on briefs.
*Douglas R. Winniman* for the plaintiffs.
*Edward B. Cooley & Max C. Abrams* for the defendants.