WILLIAM B. BLAKEMORE *vs.* JOSHUA STANLEY & another.

Suffolk. January 31, 1893. — April 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Restrictions — Building — Outbuilding.*

Land was conveyed with a restriction against the erection of buildings except dwellings (to cost not less than $2,000) and necessary outbuildings. The grantees put up a tent of small cost fitted up with a stove and furniture, and lived in it in the daytime temporarily in the summer, and also a stable to be used in connection therewith, or with a house should one ever be built. *Held,* that the tent was a building forbidden by the restriction; that, there being no proper main building, the stable was not an outbuilding; and that the grantor was entitled to a decree directing the removal of both tent and stable, and restraining the defendants from using the lots in the manner in which they had been using them.

BILL IN EQUITY to enforce restrictions contained in a deed of real estate. Trial in the Superior Court, before *Hammond, J.,* who reserved and reported the case for the determination of the Supreme Judicial Court, in substance as follows. The plaintiff conveyed to the defendants certain lots of land by warranty deed with the following restrictions: " that for ten years from January 1, 1891, no buildings shall be erected other than dwellings, with necessary outbuildings, said dwellings to cost not less than $2,000 each, and all of said buildings to be not less than twenty feet from street line." Within the ten years, the defendants moved on to the premises a barn or stable about twelve feet wide, twenty to twenty-five feet long, and eight feet high, covered with common boards and used the same as a stable for three horses. The defendants also placed on the premises a tent about ten by twelve feet, containing a stove and furniture, and lived in it in the daytime during the summer months, they having a dwelling elsewhere. The defendants intended to use the barn as a stable in connection with the tent and with a dwelling-house, if one should ever be built, but they had no definite intention of building a dwelling-house at present.

The case was submitted on briefs to all the judges.

*C. G. Keyes,* for the plaintiff.

*S. D. Charles,* for the defendants.

LATHROP, J.　No question is made as to the validity of the restrictions in the present case, and the only question is as to their interpretation.　The language is, " that for ten years from January 1, 1891, no buildings shall be erected other than dwellings, with necessary outbuildings, said dwellings to cost not less than $2,000 each, and all of said buildings to be not less than twenty feet from street line."

Although it is not stated in the report what the cost of the tent was, yet, as the bill alleges that its cost was less than $2,000, and the answer does not deny this, we assume that no question was made on this point.　Is, then, a tent such as is described in the report and used in the manner therein set forth a building?　The ordinary meaning of this word, it is said by Mr. Justice Morton, in *Nowell* v. *Boston Academy of Notre Dame*, 130 Mass. 209, is " a structure or edifice enclosing a space within its walls and usually covered with a roof."　The tent in question was used by the defendants to live in with their families, although they did not sleep in it.　It was fitted up with a stove for cooking, and with other furniture.　While the defendants lived in their own house in another town in the winter, the fair construction of the report is that the tent was used as a dwelling at other times of the year during the daytime.　Although the report finds that the tent was placed temporarily on the lots, it is also found that there is no intention of erecting a dwelling-house soon.　On these findings, a majority of the court are of opinion that the tent was a violation of the terms of the restriction.

The remaining question is as to the stable.　That a stable may be a necessary outbuilding may be assumed.　But an outbuilding is something which is to be used in connection with a main building.　*Commonwealth* v. *Intoxicating Liquors*, 140 Mass. 287, 289.　And as there was no main building of the kind called for by the terms of the deed, we are of opinion that the stable in this case cannot be deemed to be a necessary outbuilding.

It follows that the plaintiff is entitled to a decree directing the removal of the tent and stable, and restraining the defendants from using the lots in the manner in which they have been using them.

　　　　　　　　　　　　　　　　　　　　　*Decree accordingly.*