HARDY A. ABBOTT & others *vs.* DORA STEIGMAN.

Suffolk.    March 30, 1928. — May 26, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equitable Servitude. Equity Jurisdiction,* To enforce equitable servitude. *Garage. Words,* "Community."

An owner of land divided it into lots as shown on a plan and sold the lots to purchasers with uniform provisions in the deeds that for a certain time no building should be erected on the lots "other than one-family dwelling-houses, except private garages," nor should any building be used "for any mercantile or manufacturing purpose," "subject to the

right of . . . [the owner] . . . by agreement with the grantee . . . to qualify . . . [the restrictions]." In a suit in equity by the grantee of one of the lots against the grantee of another to enforce the restrictions, it appeared that the defendant's deed contained a provision that the first restriction above quoted should "not preclude the erection of a community garage"; and that the defendant had erected on his lot a brick building which was being used by him for the purpose of selling oil, tires, and other accessories for automobiles commonly sold in a public garage, and for repairs of tires. A final decree was entered enjoining the defendant from making such use of his building. *Held,* that

(1) The plaintiff could enforce the restrictions since they inured to his benefit as well as to that of the original owner;

(2) The use made by the defendant of his building was for a mercantile purpose, and not for a community garage, and was a violation of the restrictions;

(3) The final decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on July 27, 1927, and afterwards amended, seeking the relief stated in the opinion.

The suit was heard by *Morton,* J., who made certain findings without a report of the evidence. Material facts and a final decree for the plaintiffs are set forth in the opinion. The defendant appealed.

*J. L. Barron,* (*S. Barron, Jr.,* with her,) for the defendant.
*W. J. Kenney,* for the plaintiffs.

CROSBY, J. This bill is brought to enjoin the defendants from violating restrictions imposed in a certain deed under which they obtained title. A decree has been entered dismissing the bill as to the defendant Community Service Stations, Inc. By amendment Dora Steigman has been substituted as defendant in place of Reuben W. Grossman.

It appears from the record that a tract of land owned by a corporation known as the Merrymount Company was by it divided into lots as shown on a plan, and sales of lots were made to various purchasers. The trial judge made the following findings: The plaintiffs are the owners of lots 88, 92, 3 and 4 as shown on the plan. The deeds to the plaintiffs, and to purchasers generally, contained the restrictions that "no building to be erected or placed on said premises shall be used for any mercantile or manufacturing purpose," and "no building shall be erected on said lots other than one-family dwelling-houses, except private garages." "These restric-

tions shall remain binding and be in full force and effect until January 1, 1930, subject to the right of the Merrymount Company or its successors by agreement with the grantee or the grantee's heirs or assigns to qualify the same." "The defendant Steigman is the owner of Lots 1 and 2 on said plan, having obtained title thereto by mesne conveyances from Jennie M. Keating, who obtained title from the Merrymount Company, the common grantor, by deed dated December 29, 1920; this deed contained the same restrictions as the other deeds, with the exception that the first restriction above referred to should 'not preclude the erection of a community garage.'" The defendant erected or caused to be erected upon lots 1 and 2 a brick building which has been used, and is being used, by her or with her consent for the purpose of selling oil, tires, and other accessories for automobiles commonly sold in a public garage, and for repairs of tires. "The neighborhood covered by the plan generally is a residential one, with the exception of the building in question and two small stores." The judge further found that upon the evidence "it was not the intention of the parties at the time to authorize the erection of a garage which included rendering public service, and which was to all intents and purposes a public garage," and he accordingly ruled that the defendant was violating the restrictions, and should be enjoined from using the brick building as a service station for the sale of automobile accessories, or for the purpose of rendering service to the public. As the evidence is not reported, the findings must stand. There is no finding that the restrictions to which the defendant's lots are subject have been in any way qualified or modified.

The contention of the defendant that the Merrymount Company alone has authority to maintain proceedings for violation of the restrictions cannot be sustained. It is well settled that where an owner divides a tract of land into building lots, and, as a part of a general scheme for its improvement, inserts in the deeds of sale of all the several lots uniform restrictions as to the purposes for which the land may be used, "such provisions inure to the benefit of the several grantees, who may enforce them in equity, each for

himself against the others." *Hano* v. *Bigelow,* 155 Mass. 341, 343. *Bacon* v. *Sandberg,* 179 Mass. 396, 398. *Storey* v. *Brush,* 256 Mass. 101, 106.

Upon the findings of the trial judge in the case at bar it is manifest that the acts of the defendant complained of were in violation of the restrictions. The sale of oil, tires, and other automobile accessories in the building was plainly a use for a mercantile purpose. *Carr* v. *Riley,* 198 Mass. 70, 75. *Merrymount Co.* v. *Edwardes, ante,* 282.

The restriction that "no building shall be erected on said lots other than one-family dwelling-houses, except private garages," except that the foregoing restriction shall "not preclude the erection of a community garage" was also violated. The building in question was not a private garage, nor was it a community garage. A community garage is one in which there is a common ownership, possession or enjoyment, and where such interests are shared by two or more persons. The word "community" means a number of people associated in the same locality having common interests or privileges and subject to the same laws or regulations. A garage erected for the purpose of selling oil, tires and other automobile accessories usually sold in a public garage, and for the repair of tires, is to all intents and purposes a public garage, as distinguished from a private or community garage, and the trial judge in substance so found. He rightly ruled that such use was a violation of the restrictions.

*Final decree affirmed with costs.*