## RESLER et al. v. GREEN et al.

No. 27201.   Sept. 29, 1936.

H. W. Wright, for plaintiffs in error.

Mac. Q. Williamson, Atty. Gen., and O. M. Ginder, County Atty., for defendant in error.

PER CURIAM.   Plaintiff applied for injunctive relief against a resale for taxes. A motion to dismiss has been filed because after a temporary restraining order had been granted a motion was filed to dissolve the same, and the court entered an order dissolving the temporary restraining order, after which the resale tax sale was held, and the defendant in error alleges that the question has become moot.

In our opinion the motion to dismiss must be sustained.   In Swindall v. State Election Board, 96 Okla. 40, 219 P. 942, the court held:

"When an injunction suit is filed in the district court and judgment rendered against plaintiff, and, pending appeal in this court the action sought to be enjoined has been performed, and no particular relief can be afforded plaintiff in action, the issues in this court are abstract and hypothetical and the case becomes moot, and, under such circumstances, the appeal will be dismissed."

To the same effect see Massey v. School Dist., 101 Okla. 13, 222 P. 674; Moore v. City of Perry, 110 Okla. 8, 234 P. 625.

The appeal is therefore dismissed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.

## MERCER v. McKEEL et al.

No. 27306.   Sept. 29, 1936.

C. F. Green, for plaintiff in error.

W. W. Pryor and J. F. McKeel, for defendants in error.

PER CURIAM.   After judgment was rendered for the plaintiffs in the above-entitled action, an order of the court overruling motion for new trial was entered the 30th day of December, 1935.   The appeal was lodged in this court on the 9th day of July, 1936. A motion to dismiss has been filed and response thereto admits that the case was not filed within the six months as provided by law.

This court has many times held that where the appeal is not taken within six months of the date of the judgment or order sought to be reversed, the court is without jurisdiction.   Showalter v. Hampton, 122 Okla. 192, 253 P. 105; Board of County Com'rs, Kiowa County, v. Kiowa National Bank, 166 Okla. 255, 27 P. (2d) 338; Williams v. Local Bldg. & Loan Ass'n, 165 Okla. 244, 25 P. (2d) 1086; Starr v. Woods, 162 Okla. 242, 19 P. (2d) 561.

The appeal is therefore dismissed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.