HANSEN v. FACIONE.

1. COVENANTS—CONSTRUCTION—SURROUNDING CIRCUMSTANCES.
    Restrictive covenant as to the use of land is to be construed in connection with the surrounding circumstances at time it was made, location and character of the entire tract of land, whether the purpose of the restriction was for the sole benefit of the grantor or for grantee and subsequent purchasers, and whether it was in pursuance of a general building plan for development and improvement of the property.

2. SAME—CONSTRUCTION—INTENT.
    Rules of construction as to restrictive covenants in conveyances of land should not be applied in such a way as to defeat the plain and obvious purposes of a contractual instrument or restriction.

3. SAME—RESIDENCE RESTRICTIONS—GARAGE—STORAGE OF DUMP TRUCKS.
    Construction of 40′ x 50′ garage with door 12′ high intended for storage of two 5-ton dump trucks used in owner's business, other

property and cars owned by the family, *held*, in violation of restriction of use of lots in subdivision to residence purposes.

4. Injunction—Building Restrictions—Provisions of Decree.
Decree in suit to enforce residence use restrictions directing that the building should be razed unless so altered in size and character as to conform to recorded building restrictions *held*, not vague and indefinite.

5. Appeal and Error—Remand—Subsequent Matters—Jurisdiction.
On remand of case upon affirmance of decree requiring defendants to raze a building or alter it so as to conform to building restrictions within 60 days, where such time has already expired, a similar period is allowed to permit conformity to the order and jurisdiction to determine subsequent questions is lodged in trial court.

Appeal from Wayne; Ferguson (Homer), J. Submitted June 12, 1940. (Docket No. 37, Calendar No. 41,008.) Decided September 6, 1940.

Bill by Earl H. Hansen and others against Dan Facione and others to enjoin the violation of building restrictions. Decree for plaintiffs. Defendants appeal. Affirmed.

*William B. Giles* and *Erven H. Lichtenberg*, for plaintiffs.

*Welsh & Hill*, for defendants.

Bushnell, C. J. Plaintiffs brought this action to enforce the building restrictions in College Park Manor Subdivision in Detroit, which read as follows:

"No building shall be erected on said premises other than a single dwelling, two-family flat, duplex or double house, which shall be used for residence purposes, * * * and with such further exceptions as are hereinafter provided for * * * on any lot or adjoining, terraces will be permitted except on * * * lot 430. * * *

"Exposed concrete block construction above grade line is prohibited.

"Garages must be built at the rear of lots except when same are built integral with dwelling at rear of same.

"No sheds, temporary structures or garage homes shall be built upon the premises.

"All of the aforesaid covenants and restrictions shall run with land and be operative until January 1, 1959."

Defendants are the owners of lot 430 in this subdivision, and erected a residence thereon costing about $15,000. Defendant Dan Facione is employed by the City of Detroit in the Department of Public Works. He owns and operates a five-ton truck used by the city for the hauling of dirt, stones, rubbish, and ashes. A second truck, registered in the name of Facione's wife, is used occasionally when the first truck is laid up for repairs. Some time after the house was constructed, defendants secured a permit for erection on the rear of the lot of a garage 40 feet wide and 50 feet long. The garage is to have a door 12 feet high. Facione admitted that he intended to store the trucks, three automobiles owned by the family, and some other property in this garage, and that it was large enough to hold five or six cars.

The trial court found that the garage being erected by defendants "was constructed for the purpose of storing, maintaining and operating trucks and commercial vehicles which is the business of the said defendants and that to permit the erection of said garage in its present size and structure would result in an absurd and idle situation and that the law must be effective to enforce the restriction and that therefore the present building should be razed or so altered as to conform to the spirit and letter of the restrictions."

The defendants were permanently enjoined from "maintaining, storing, repairing, parking or garaging trucks upon said premises or engaging in the trucking business upon said premises or any portion thereof." The decree also enjoined the defendants "from further proceeding with the erection or construction," and ordered removal of the garage within 60 days, unless "it be altered so as to conform with garages of the size and character incidental to an ordinary dwelling house."

The several questions raised on appeal may be summarized as follows: Did the court err in holding that the defendants were violating the restrictions, and is the decree vague and indefinite?

In *Smith* v. *Byrne*, 208 Mich. 104, an order requiring the removal of a rental garage which had been erected on restricted property was affirmed. The restriction in the *Smith Case* read:

"Nothing but a single private residence and the necessary outbuildings shall be erected thereon."

The court said that the language employed in this restriction was in no way uncertain or ambiguous, that its purpose was apparent, and that it was "intended to preserve the territory for a residential district, for a place for dwelling houses and the outbuildings necessary for the enjoyment of their occupants. In other words, only such buildings additional to the residence can be constructed as are ordinarily used and occupied as aids to the use of the dwelling house. Clearly, a garage for rental purposes is not so needed."

In *Brown* v. *Hojnacki*, 270 Mich. 557 (97 A. L. R. 621), defendant was using a residence in a restricted district for the purpose of carrying on his business as a masseur. The restrictions read:

"No shop, factory, store, saloon, or business house of any kind; no asylum, hospital or institution of like

or kindred nature shall be maintained on any portion of said land by any grantee.''

The court applied the law of *Library Neighborhood Ass'n* v. *Goosen,* 229 Mich. 89, and quoted therefrom as follows:

''If we were to consider only the precise language of the covenant, we might agree with the contention of the defendant, but under the circumstances of this case the rights of the parties are not to be determined by a literal interpretation of the restriction. *It is to be construed in connection with the surrounding circumstances, which the parties are supposed to have had in mind at the time they made it, the location and character of the entire tract of land, the purpose of the restriction, whether it was for the sole benefit of the grantor or for the benefit of the grantee and subsequent purchasers, and whether it was in pursuance of a general building plan for the development and improvement of the property.*''

Hojnacki urged that the restrictions should be strictly construed and all doubts resolved in favor of free use of the property, and that the court should apply the rule of *ejusdem generis.* In answer to this argument the court said:

''The applicability of these rules of construction need not be questioned; but on the other hand they should not be applied in such a way as to defeat the plain and obvious purposes of a contractual instrument or restriction.''

In addition to the authorities above cited, copious annotations may be found in 54 A. L. R. 659, which are supplemented in 99 A. L. R. 541. See, also, *Galton* v. *Heftler,* 284 Mich. 445.

It is apparent from a fair reading of the restrictions that the use of the property in this subdivision is limited to residential purposes, and it will destroy the effectiveness of these restrictions if they are not

applied to garages as well as houses. It is clear from the record that the garage under construction is of such a size and character that by no stretch of the imagination could it be said to be a proper garage for use in connection with a residence. This conclusion is inescapable whether or not the garage is intended to be used for the operation of a trucking business. Its very size alone is determinative.

The decree of the trial court is not vague and indefinite. It directs that the building should be razed unless so altered in size and character as to conform to the recorded building restrictions.

The trial court allowed defendants 60 days for the removal or alteration of the garage. This time has already expired and a similar time should be permitted for conformity to the terms of the court's order. Should any subsequent questions arise between the parties concerning the subject matter the trial court should have jurisdiction.

The decree of the trial court is modified and affirmed. A decree may be entered here in accordance with this opinion. Costs to appellees.

Sharpe, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.