WARHURST v. MORGAN et al.

No. 31019. Aug. 3, 1943.

*140 P. 2d 236.*

Fred Davis, of Oklahoma City, for plaintiff in error.

Haskell A. Holloman, of Frederick, Swank & Swank, of Stillwater, and Mac Q. Williamson, Atty. Gen., for defendants in error.

PER CURIAM. This proceeding was commenced by James A. Warhurst to prevent the payment of the salary of Ruth Morgan, Secretary to the Lieutenant Governor, for the reason that the 1919 statute creating the position was repealed by repeal bill, chap. 4A, Title 75, Okla. Session Laws 1941, p. 460. The trial court denied the injunction, and plaintiff appealed. Plaintiff made no application to stay the payment of the warrants for the salary for the preceding months or the months pending the appeal, and payment was made periodically as provided by the then existing law prior to the repeal. Following the adoption of the Senate Bill No. 99, effective April 12, 1943, adopting the Statutes of Oklahoma and providing that all general laws not therein contained should be repealed, the Legislature created the position of secretary to the Lieutenant Governor and the secretary is now serving in that capacity and has drawn warrants which are not contested in this proceeding or otherwise.

We are of the opinion, and hold, that the questions once presented to the trial court has become moot. If the warrants formerly paid were illegally paid, this proceeding is not the proper proceeding to determine that question. In Douglas v. Baker, 167 Okla. 348, 29 P. 2d 619, we stated that the Supreme Court will not attempt to determine abstract, hypothetical, or moot questions, but, where it is made to appear that the questions presented below have become moot, the proceeding on appeal will be dismissed. See Resler v. Green, 177 Okla. 499, 61 P. 2d 191; Westgate Oil Co. v. Refiners Production Co., 172 Okla. 260, 44 P. 2d 993.

The appeal is dismissed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.