STERLING REALTY COMPANY *vs.* STEPHEN H. TREDENNICK & another.

Essex.     December 5, 1945. — February 1, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Equitable Restrictions.   Equity Jurisdiction,* Equitable restrictions.   *Equity Pleading and Practice,* Decree.

The erection and maintenance of a private garage upon a lot of land on which there was no dwelling house were a violation of equitable restrictions allowing on the lot only one single family dwelling house and a private garage "in addition to" the dwelling "for the use of the owner or occupant of the lot," although the owner of the lot was also the owner of another lot, touching the first lot at one corner, on which there was a dwelling house.

In a suit in equity to enforce equitable restrictions violated by the maintenance of a substantial garage with a stone foundation and cement

apron on a lot having no dwelling house on it and also by an insufficient set back of the garage from the street, where it appeared that the landowner had no intention of erecting a dwelling house on the lot and that, as the garage was placed, there was not enough space on the lot to erect a dwelling house in conformity to an existing zoning law, a decree for the plaintiff should not be limited to ordering the garage moved back the required distance from the street and enjoining its use until a dwelling house should be erected, but should order the garage, the stone foundation and the cement apron wholly removed from the lot.

BILL IN EQUITY, filed in the Superior Court on May 3, 1944.

The suit was heard by *Pinanski*, J.

It appeared that lot 15 mentioned in the opinion faced westerly on Grant Road; that lot 16A faced easterly on Adams Road; that the south line of lot 16A produced westerly formed the north line of lot 15, and the west line of lot 16A produced southerly formed the east line of lot 15; and that the two lots touched each other only at a point which was the northeast corner of lot 15 and the southwest corner of lot 16A.

*E. H. Borofski*, for the defendants.

*E. J. Garity*, for the plaintiff.

SPALDING, J. This is a suit in equity brought to enforce compliance with certain restrictions imposed on a tract of land in Marblehead. From a final decree granting the relief sought the defendants appealed. There is a report of material facts, and the evidence is reported. G. L. (Ter. Ed.) c. 214, §§ 23, 24. As to our duty with respect to an appeal in these circumstances, see *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 83–84; *MacLennan* v. *MacLennan*, 316 Mass. 593, 595.

The facts may be summarized as follows: In 1926 the plaintiff corporation became the owner of a parcel of land (containing about twenty-five acres) in Marblehead. For development purposes the plaintiff divided it into one hundred lots suitable for dwellings in accordance with a subdivision plan which was recorded in the registry of deeds. The development is known as Greystone Beach. Eighty of these lots have been sold, and on a number of them "dwelling

houses have been erected which are attractive and pleasing in appearance." The remaining twenty lots are owned by the plaintiff. All of the lots that have been sold were conveyed subject to certain restrictions (still in full force and effect) referred to in the deed of each grantee. Those pertinent to the issues here are as follows: "Not more than one building may be erected, placed or maintained on any lot on said plan, and no building shall be designed for nor be used by more than one family. . . . In addition to the building aforesaid a private garage, but not portable, either built into the building or detached, may be erected on a lot for the use of the owner or occupant of the lot and may include living quarters for a chauffeur. A garage, if detached, must be of the same architectural design, material and exterior finish as the dwelling. . . . The main walls of all dwellings shall be set back from the front lines of said lots so that no main wall shall be nearer the front lines than the set-back[1] indicated by the dotted lines on said plan. A garage shall be set back at least fifteen feet from the front main wall of the dwelling house."

The defendants are the owners of lots 15[2] and 16A shown on the subdivision plan, both of which were conveyed by deeds reciting that they were subject to the foregoing restrictions. These lots meet at one point; the northeast corner of lot 15 touches the southwest corner of lot 16A. On the latter there is a dwelling house with a built-in garage. On lot 15 the defendants have erected a substantial two-car garage, which is approximately twenty-five feet wide and about twenty-two feet from front to rear. The garage is erected on a substantial stone foundation, and there is a cement apron extending from the front line of the lot to the front wall of the garage; at the rear there is a porch or shelter about twelve feet in width which extends out approximately seven feet. The distance from the front wall of the garage to the front line of the lot varies from twenty-one to

---

[1] This set-back was twenty feet from the front line of the lot.

[2] This lot contains five thousand two hundred sixteen square feet; the frontage is seventy feet and the distance from the front to the rear is about seventy-five feet.

twenty-five feet. The side wall on the north is nine feet from the north boundary line of the lot; the south wall is thirty-five feet from the south boundary line. The garage is not of the same architectural design, material and exterior finish as the dwelling on lot 16A. There is no dwelling house on lot 15, and the defendants at the time they erected the garage had no intention of building one. "There is not space enough on the lot, with the garage as now located, and the set-back required by the Marblehead zoning laws from the side lines of the lot to the side lines of a building, to erect a dwelling house."

The judge found that the restrictions were imposed by the plaintiff "for the mutual benefit of all the land and of all the owners of the various lots . . . including the twenty lots still owned by the plaintiff," and ruled that the erection and maintenance of the garage on lot 15 violated the restrictions. He entered a decree in which the defendants were ordered to remove the "garage, stone foundation or base, and cement apron" from the lot within ninety days; they were also permanently enjoined from using the garage.

We think that the facts clearly establish that the restrictions were imposed pursuant to a general scheme designed to achieve substantial uniformity in building or use on every lot in the tract, and that the intention was to attach the benefit of the restrictions upon each lot to every other lot in the tract. The principles of law applicable to cases of this sort have been stated many times and need not be repeated. See *Hano* v. *Bigelow*, 155 Mass. 341; *Maclary* v. *Morgan*, 230 Mass. 80; *Wilson* v. *Middlesex Co.* 244 Mass. 224, 231; *Abbott* v. *Steigman*, 263 Mass. 585; *Snow* v. *Van Dam*, 291 Mass. 477; *Gilbert* v. *Repertory, Inc.* 302 Mass. 105, 107. The plaintiff as owner of land in the tract to which the restrictions are appurtenant may enforce them in equity. *Whitney* v. *Union Railway*, 11 Gray, 359. *Sanborn* v. *Rice*, 129 Mass. 387, 396–397. *Abbott* v. *Steigman*, 263 Mass. 585, 587–588.

The defendants do not question the validity of the restrictions but they contend that there has been no violation of them. We are of opinion that the judge was right in ruling that the erection of the garage in the circumstances here

disclosed violated the restrictions.   As we interpret them they mean that no building other than a single family dwelling house shall be erected, placed or maintained on any lot, except that, if such a dwelling is built on one, a garage which is either built-in or detached may also be erected.   In other words, the building and maintaining of a garage on a lot on which there is no dwelling are forbidden.   The restrictions here resemble those in *Blakemore* v. *Stanley,* 159 Mass. 6. In that case land was conveyed subject to a restriction that no buildings should be erected on a lot "other than dwellings, with necessary outbuildings."   The grantees moved a stable onto the land but there was no dwelling on it and the grantees had no present intention of building one.   It was held that the restriction was violated since it contemplated that the stable be used only in connection with a main building, namely a dwelling.

The judge found that the plaintiff was not guilty of laches. Generally this is a question of fact.   *Shea* v. *Shea,* 296 Mass. 143, 147.   *McGrath* v. *C. T. Sherer Co.* 291 Mass. 35, 59–60. The facts as to this aspect of the case need not be recited; it is enough to say that a careful examination of the evidence convinces us that it amply supports this finding.

Finally it has been argued that, if it should be held that the restrictions are violated, the decree was improper in ordering the removal of the garage and its foundation together with the cement apron.   The defendants contend that the decree should have been limited to ordering the garage moved back to comply with the set-back requirements, and that the defendants should only be enjoined from using the garage until a dwelling was constructed.   We cannot agree. To restrict the decree in this manner, in view of the finding that the defendants had no intention of building a dwelling on the lot and of the fact that there is not space enough to build one under the existing zoning laws, would virtually deprive the plaintiff of the benefits conferred by the restrictions. Nor do we agree with the defendants' contention that the decree should not have ordered the removal of the stone foundation and cement apron.   This was part of the garage and was rightly included in the decree.

The case is a proper one for the granting of a mandatory injunction. The defendants acquired the property with notice of the restrictions and took their chances as to the effect of their conduct upon the plaintiff's rights. Upon similar facts it has been the practice of the courts to grant a mandatory injunction. *Sanborn* v. *Rice,* 129 Mass. 387, 398. *Blakemore* v. *Stanley,* 159 Mass. 6. *Codman* v. *Bradley,* 201 Mass. 361, 369. *Stewart* v. *Finkelstone,* 206 Mass. 28, 38. *Gilbert* v. *Repertory, Inc.* 302 Mass. 105, 108.

*Decree affirmed with costs.*