Marvin MOORE and Eugenia Louise Moore, husband and wife and Alvin A. Marshall and Wynema A. Marshall, husband and wife, Plaintiffs in Error,

v.

Kenneth L. WHITE and Margaret L. White, husband and wife, Defendants in Error.

No. 37782.

Supreme Court of Oklahoma.

March 4, 1958.

353

Funston Flanagan, Walters, for plaintiffs in error.

Walter Hubbell, Walters, for defendants in error.

DAVISON, Justice.

This is a suit wherein the plaintiffs, Marvin M. Moore and his wife, Eugenia Louise Moore, and Alvin A. Marshall and his wife, Wynema A. Marshall, sought to enjoin and restrain the defendants, Kenneth L. White and his wife, Margaret L. White, from constructing and using a certain contemplated building in alleged violation of plat restrictions of a certain addition in Walters, Oklahoma. The parties will be referred to as they appeared in the trial court.

The plaintiffs own and reside on the south half of a certain block in said addition. The defendants own and reside on the north half thereof. The recorded plot of said addition contains the following restrictions, among others, to-wit:

"A. All lots in this addition of Blocks one to six inclusive shall be known and described as residential lots and no structure shall be erected on any lot other than one detached single building and a garage.

"B. No old building shall be moved in on any lot in this addition, whether it be large or small or regardless to the value of building.

"C. No residential lot shall be re-subdivided into building lots having less than the area shown on the annexed plat.

\* \* \* \* \* \*

"E. No dwelling costing less than $2500.00 shall be permitted on any lot in this addition. The ground floor of the main structure exclusive of one story open porches and garages, shall be not less than 700 square feet; in case of a one and one-half story or a two story building, shall be not less than 600 square feet.

"F. No residence building shall be erected on any lot in this addition nearer than 20 feet from the front line nor nearer than 5 foot to any side of lot line. This restriction shall not apply to a garage located on the rear quarter of a lot, except on corner lots.

"G. No business building shall be built on this addition and no business conducted on this addition, whether it be *merchantiled,* machine, or garage shop, filling station, tourist courts, wash house, or any other business whatsoever.

"H. No detached garage shall be used for residential purposes except that provision may be made therein for servants' quarters, but in no case shall the height of the garage be greater than that of the main residence."

In the latter part of 1956, the defendants, who were farmers and also did custom combining of grain crops, commenced the construction, on their half block tract, of a building 40 feet by 80 feet for the purpose of storing the equipment used in conducting his business of custom combining which consisted of two combines, two trucks, one pick-up truck, a house trailer, a tractor, two plows, two fuel tanks on trailers and other farming machinery and equipment. The building was to be constructed of sheet iron, wood and concrete. On December 15, 1956, plaintiffs filed this suit seeking an injunction to prevent the completion of the structure or its use in the manner contemplated in violation of the restrictions above quoted. A trial was had to the court, without the intervention of a jury, and judgment was rendered for defendants. Plaintiffs have appealed therefrom.

 The rule of interpretation of restrictive covenants, applicable in this jurisdiction, was stated in the case of Christ's Methodist Church v. Macklanburg, 198 Okl. 297, 177 P.2d 1008, as follows:

"Covenants restricting the use of real property, although not favored, will nevertheless be enforced by the courts, where the intention of the parties in their creation is clear, and the restrictions or limitations are confined within reasonable bounds. In construing such covenants, effect is to be given to the intention of the parties as shown by the language of the instrument, considered in connection with the circumstances surrounding the transaction and the object sought to be accomplished by the parties.

"Where, in pursuance of a plan, a section of an addition is designed to be purely residential in character and, in order to make it more attractive as such, the use of the lots therein is by the terms of the plat and dedication

restricted to residential purposes, held, such restriction is not unreasonable in contemplation of law."

The question for determination here is whether, by an interpretation of the restrictive provisions hereinabove quoted, in the light of said rules, defendants' building constituted a residential "building and a garage" as referred to in restrictive provisions "A", "E" and "F" or was a "business building" as referred to in provision "G". This same question has not heretofore been before this court. Defendants cite and rely upon the case of Whitmore v. Stern, 25 Ohio App. 344, 158 N.E. 203, to sustain their contention that the contemplated structure was a garage used as an adjunct to residential purposes. It was there held that,

> "Covenants in deeds providing that premises should be used for residence only held not violated by keeping two automobiles and a truck on the property; the truck being used in business which was conducted elsewhere."

However, nothing in the quoted case indicates that the garage was different in size or type to that customarily used for housing family automobiles. That would be materially different from the building herein contemplated which was some 40 X 80 feet in size and high enough to house all of the equipment above enumerated.

A more nearly parallel case is that of Hansen v. Facione, 294 Mich. 473, 293 N.W. 723, 725, wherein the plaintiff sought to enjoin the defendant from constructing and maintaining a "40′ X 50′ garage with door 12′ high intended for storage of two 5-ton dump trucks used in owner's business, other property and cars owned by the family." In the opinion, the court said,

> "The applicability of these rules of construction (similar to those first above quoted herein) need not be questioned; but, on the other hand, they should not be applied in such a way as to defeat the plain and obvious purposes of a contractual instrument or restriction.

\* \* \* \* \* \*

> "It is apparent from a fair reading of the restrictions that the use of the property in this subdivision is limited to residential purposes, and it will destroy the effectiveness of these restrictions if they are not applied to garages as well as houses. It is clear from the record that the garage under construction is of such a size and character that by no stretch of the imagination could it be said to be a proper garage for use in connection with a residence. This conclusion is inescapable whether or not the garage is intended to be used for the operation of a trucking business. Its very size alone is determinative.

> "The decree of the trial court is not vague and indefinite. It directs that the building should be razed unless so altered in size and character as to conform to the recorded building restrictions."

■ In the case before us, the size of the building, its type of construction and the uses to which it is to be put, preclude it from being incidental to residential uses of the lots. As contemplated by the working of the restrictions it is clearly a building for business purposes or, as therein referred to, a "business building". Being such, it is prohibited, and the trial court was in error in denying that injunction.

■ Defendants have filed motion to dismiss this appeal, alleging that, since the judgment, the defendants completed the building and "there is nothing to enjoin and this appeal presents a moot question." Cited in support of their argument are the cases of Oklahoma City v. Keaton, 178 Okl. 294, 62 P.2d 981; Ginden v. Oklahoma City, 195 Okl. 384, 158 P.2d 175; Westgate Oil Co. v. Refiners Prod. Co. 172 Okl. 260, 44 P.2d 993; Kiker v. City of Wewoka, 205 Okl. 90, 235 P.2d 710; and Warhurst v. Morgan, 192 Okl. 692, 140 P.2d 236. But a study of those cited cases and others dealing with the proposition reveals that they are founded upon

the predicate that such a situation had developed after the judgment in the trial court, that a decision and determination of the issues on appeal "would result in granting no relief" (Westgate Oil Co. v. Refiner's Prod. Co., supra) [172 Okl. 260, 44 P.2d 994] because the action sought to be enjoined had already occurred. Materially different is the situation where, as here, the appellee can be required by mandatory injunction to remove the structure or to so alter it that it does no violence to the restrictions. In the Hansen v. Facione case, supra, it was ordered "that the building should be razed unless so altered in size and character as to conform to the recorded building restrictions" and, in the judgment, the time was fixed within which the removal or alteration should be completed. That mandatory injunctions are granted in this jurisdiction was recognized in the case of Wright v. Barlow, 169 Okl. 472, 37 P.2d 958, wherein this court approved the judgment of the trial court in the nature of a mandatory injunction requiring the defendant to remove obstructions in an alley consisting of part of a wall of a contemplated building. The Federal Circuit Court of Appeals, in the case of Jackson v. Denver Prod. & Ref. Co., 10 Cir., 96 F.2d 457, 458, followed the same reasoning in holding that "dismissal of action was not sustainable on ground that question had become moot * * * since court was empowered to determine remaining questions with subject matter on which decree could operate effectually." In the more nearly similar case of Sterling Realty Co. v. Tredennick, 319 Mass. 153, 64 N.E.2d 921, 162 A.L.R. 1095, it was held that,

> "One who, with knowledge of building restrictions to which property is subject, has erected a building thereon which violated such restrictions, may properly be required by mandatory injunction to remove it."

It, therefore, follows that a decision of the instant controversy will determine substantial rights of the parties and will result in the granting of relief.

The judgment is reversed and the cause remanded with directions to grant plaintiffs the issuance of a permanent injunction which is mandatory to the extent of requiring the defendants to remove the building or alter it in size and character so as to conform to the building restrictions within a fixed reasonable time.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, and CARLILE, JJ., concur.

CORN, V. C. J., dissents.