PATRICIA J. ROGERS, individually and as administratrix, *vs.* STATE MUTUAL LIFE ASSURANCE COMPANY OF AMERICA & another. December 2, 1965. Orders sustaining demurrers affirmed. The plaintiff appeals from orders of the Superior Court sustaining the defendants' demurrers to her declaration wherein, as an individual, she sought in two counts to recover in tort for negligence. She bases her claim upon the failure of the defendant life insurance company and the failure of its agent, also a defendant, to process an application for a life insurance policy made out by her husband to the defendant company. The company received the application and advance premium payment but the death of the plaintiff's husband occurred prior to issuance of the policy or notice to the applicant of the rejection of his application. There was no error. The facts here show the deceased and the company stood in the relation of offeror and offeree. *Gabbett* v. *Connecticut Gen. Life Ins. Co.* 303 Mass. 433, 435. A right in tort does not arise from mere delay in acting upon an application for insurance absent "special circumstances of assertion, representation and reliance." No such special circumstances were alleged here. *Rapp* v. *Lester L. Burdick, Inc.* 336 Mass. 442-443.

*Lester S. Cramer* for the plaintiff.
*George E. Donovan* for the defendants.

VIRGINIA R. SPRAGUE LIPMAN *vs.* JAMES C. SPRAGUE. December 2, 1965. Decree affirmed with costs. This is a suit in equity to enforce certain provisions of an agreement incorporated in a divorce decree of the Circuit Court in the County of Oakland, State of Michigan, on March 23, 1959, relating to the support of a minor child. A judge of the Superior Court entered a final decree favorable to the plaintiff from which the defendant appealed. At the time this suit was brought the defendant was a resident of Scituate, Plymouth County, Massachusetts. The defendant's principal contention appears to be that the Superior Court had no jurisdiction over the parties because the "Michigan decree clearly states that the jurisdiction of 'entering appropriate orders to carry out the purposes and intents of . . . [the] agreement' is reserved to . . . [the Michigan] court." We find no merit in this contention or any of the other arguments of the defendant. In the trial judge's "Findings and Order for Decree" he stated that "This Court recognizes and gives full faith and credit to the decree of the Court of the State of Michigan." The Michigan decree did not deprive the courts of this Commonwealth of jurisdiction to order the defendant to comply with the terms of the Michigan decree. There was no error. See G. L. c. 208, § 29.

The case was submitted on briefs.
*James A. Shannon* for the defendant.
*Stephen T. Keefe, Jr.,* for the plaintiff.

VICTOR V. SALEMME, trustee, *vs.* OLIVE G. ANGUS. December 2, 1965. Decree affirmed. The respondent appeals from a decision of the Land Court on a petition for registration in which the court ruled that she had no right, title, or interest in the land sought to be registered and that the substitute petitioner had not sustained his burden of establishing a title suitable for registration. The judge concluded that the testatrix under whose will the respondent claims did not intend therein to devise any title in the locus to her. Upon this record no error appears in the construction of the will.

*Robert G. Clark, Jr.,* for the respondent, submitted a brief.
No argument or brief for the petitioner.