JOHN P. RAHILLY & another *vs.* AMY F. ADDISON
& others.

Suffolk.   February 10, 1966. — May 3, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Easement.   Beach.   Deed,* Construction.   *Law or Fact.   Land Court,* De-
cision, Appeal.

On appeal under G. L. c. 185, § 15; c. 231, § 96, from the decision of the
Land Court in a registration proceeding, the decision must stand unless
error of law appears on the face thereof.   [662]
An issue of the existence of an easement, determined in a registration pro-
ceeding in the Land Court on the basis of oral testimony and plans and
deeds and other exhibits, was not solely an issue of law.   [662–663]

Rahilly *v.* Addison.

On the record in a registration proceeding in the Land Court, where it appeared that in a deed of a shore lot having a beach area and shown as one of a number of lots on a plan, and in subsequent deeds of the other lots by the same grantor, there was language, with a reference to the plan, giving a right of way appurtenant to the other lots over a private street leading from a public way through the lots and along a side of the shore lot to the shoreline, it was held that there was no error in a decision that a right to use the beach area of the shore lot was also appurtenant to the other lots although there was no express mention of a right to use the beach area in the deeds.   [663–664]

PETITION for registration filed in the Land Court on September 27, 1962.

The case was heard by *McPartlin,* J.

*Mario Misci* for the petitioners.

No argument or brief for the respondents.

REARDON, J.   This is an appeal from a decision of the Land Court in proceedings brought under G. L. c. 185 by substitute petitioners to register title to certain land in the town of Winthrop.   The locus is a part of lot 27 on a plan of land formerly owned by one Tewksbury, which is dated November, 1877.   Tewksbury gave a deed to lot 27 to the petitioners' predecessor in title in 1884.   The respondents are owners of various other lots and portions of lots delineated under the 1877 plan.   In their answers to the petition they claimed that they held easements over a private way, Sargent Street, which formed the westerly boundary of the locus, and over a beach lying on the southerly part of the locus and bordering on Boston Harbor.   At the hearing the various respondents agreed to withdraw "all claim of prescriptive rights in, or adverse possession of," the beach portion of the locus provided that the court found as a matter of record title several representative respondents had the right to use the beach, it being stipulated by the parties that such rights would be "deemed appurtenant to each lot shown" on the 1877 plan, and that the decree on the petition would so state.   Both the petitioners' deed to the locus and the deeds of each of the respondents contained language giving a right of way over Sargent and Beach streets as shown on the plan.   The 1877 plan showed that Beach Street was parallel to, and close by, the shoreline

and was crossed by Sargent Street, which proceeded toward the harbor and ended there.

The judge ruled that "[t]here was set forth in the deeds the right of persons to use the ways shown on the plan. One of the ways, Sargent Street, led to a public way and it also led to the beach area on Boston Harbor. The significance of . . . [this] appears to be that the original owner . . . in 1877 intended that . . . [the respondents' predecessors in title] were to have access to and the use of the beach area. This intention appears to be strengthened by the fact that the owner, if his intention was otherwise, would have ended Sargent Street at the southerly line of Beach Street." The judge found that though there was "no express mention of any right to use the beach," appurtenant to the respondents' land were easements to use both Sargent Street and "the beach area of the locus," which he defined.

1. "It is settled that appeals such as . . . [this] now before us bring before this court only questions of law apparent on the record, that findings of fact cannot be revised and must be accepted as true, and that, if upon all the facts thus displayed and the reasonable inferences of which they are susceptible, the ultimate finding is justified as matter of law, it must stand." *Holcombe* v. *Hopkins,* 314 Mass. 113, 116. *Humphrey* v. *Walker,* 314 Mass. 552, 553. *Salemme* v. *Angus,* 349 Mass. 774. *Nessralla* v. *Mucci, ante,* 659. The petitioners contend that the question of the existence of the easements on both the private way and the beach is an issue of law only. We do not agree.[1]

The judge correctly stated that where land is conveyed with reference to a plan, an easement other than an easement of necessity is created only if clearly so intended by the parties to the deed. *Regan* v. *Boston Gas Light Co.* 137 Mass. 37, 43. *Prentiss* v. *Gloucester,* 236 Mass. 36, 52. *Bacon* v. *Onset Bay Grove Assn.* 241 Mass. 417, 423. Each such "intended easement" depends on the deed and the circumstances in which it was made. *Bacon* v. *Onset Bay*

[1] The respondent appellees have afforded us no assistance in reaching our decision in this case as they filed no brief.

*Grove Assn.* 241 Mass. 417, 423. *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.* 254 Mass. 350, 354–355. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 104. See *Goldstein* v. *Beal,* 317 Mass. 750, 755.

2. The evidence in this case consisted of oral testimony and exhibits, including plans and deeds. A portion of the evidence heard concerned uses of the beach area by residents of the neighborhood as far back as 1912 which were acts not so remote in time nor so disconnected with the original subdivision plan and intentions of the common grantor as to negate the inference that they had some relation to them. See *Reynolds* v. *Boston Rubber Co.* 160 Mass. 240, 245; *Blais* v. *Clare,* 207 Mass. 67, 70–71; *Hurd* v. *General Elec. Co.* 215 Mass. 358, 361; *Prentiss* v. *Gloucester,* 236 Mass. 36, 52–53. The judge based his finding upon his determination of the general intent of Tewksbury relative to the uses of the beach both in 1877 and 1884.

3. The petitioners urge that their title is based upon an 1884 deed and that the earliest deeds in the chains of title leading into each respondent are dated 1886. It is their theory that since Tewksbury had conveyed the locus two years before he gave deeds to the respondents' predecessors in title no easement could be established against the petitioners' title in favor of the respondents or their predecessors. However, "[t]he existence of . . . a building scheme . . . [may] show an intention that the restrictions imposed upon the several lots shall be appurtenant to every other lot in the tract included in the scheme." *Snow* v. *Van Dam,* 291 Mass. 477, 481, and cases cited. The chronology of the conveyances of the several lots out of the subdivision in the present case was no obstacle to the finding of the judge for there was evidence sufficient to support a scheme on the part of the common grantor. A finding of a scheme was amply warranted in this case where language occurred in each of the original deeds from Tewksbury giving the respective grantees an easement over Sargent Street and making reference to the 1877 plan. The burden has been upon the respondents to show the existence of the

scheme. *American Unitarian Assn.* v. *Minot,* 185 Mass. 589, 595.   The judge was warranted in concluding that the respondents had done so.

*Decision affirmed.*