EDWARD CANTY and others *vs.* ALFRED M. DONOVAN and another.[1]
April 6, 1972.   This is a bill in equity brought by the owners of one-

[1] Park Construction Co., Inc. *vs.* City of Worcester.
[1] Maureen Donovan.

story summer houses on lots within an alleged development scheme to restrain permanently the owners of a lot acquired in 1959 within the alleged scheme from adding a second story to their one-story house. The defendants appeal from a final decree permanently enjoining them from using their lot other than for a one-story private dwelling and ordering them to remove a second story addition they constructed on that lot. The deeds to the plaintiffs' lots and the defendants' lot contain almost identical restrictions against use except as one-story private dwellings. The original tract from which all the parties' lots were subdivided has a view to the ocean. Despite the omission of the restrictions in the original sale of some of the lots, the judge found that the plaintiffs had sustained the burden of proving that the one-story restrictions were pursuant to an original general scheme of development for the benefit of the entire tract and, therefore, were enforceable by the plaintiffs as appurtenant to their land. *Snow* v. *Van Dam*, 291 Mass. 477, 480–484, and cases cited. *Gilbert* v. *Repertory, Inc.* 302 Mass. 105, 107. *Rahilly* v. *Addison*, 350 Mass. 660, 663. We agree. "Neither the restricting of every lot within the area covered, nor absolute identity of restrictions upon different lots, is essential to the existence of a scheme." *Snow* v. *Van Dam, supra,* at 483, and cases cited. Am. Law of Property, § 9.29. See G. L. c. 184, § 26, subsec. 5. The evidence supports the judge's findings that the restrictions were pursuant to a common scheme for the tract, that the restrictions were of actual and substantial benefit to the plaintiffs as required by G. L. c. 184, § 30, that at least the plaintiffs Clemenzi were not barred from maintaining this suit by G. L. c. 184, § 26, and that none of the factors listed in G. L. c. 184, § 30, as precluding equitable relief or limiting the plaintiffs' recovery to money damages, exists in this case. See *Rahilly* v. *Addison, supra,* at 663–664. Compare *Donoghue* v. *Prynnwood Corp.* 356 Mass. 703, 706–708.

*Decree affirmed with costs of appeal.*

The case was submitted on briefs.
*Kevin M. Keating* for the defendants.
*Philip Strome* for the plaintiffs.