McDonald, J.
The plaintiff has failed to show a risk of irreparable injury if the defendants John N. and Cheryl A. Phillips are not enjoined from proceeding with construction of a residence straddling Lots 31 and 32, as it is not clear from the evidence before the court that views from his property will be obstructed by the building under construction, or will be obstructed in a manner appreciably different from obstruction by a building on Lot 32, which likely would not lose its grandfathered status by reason of merger with Lot 31. Learoyd v. Board of Appeals of the Town of Rowley, Land Court, Misc. No. 125271 (1990). Conversely, the defendants have not rebutted the presumption that the plaintiff is an aggrieved person, and, therefore he has standing to bring this action. Tsagronis v. Board of Appeals of Wareham, 415 Mass. 329, 334 (1993) (Abrams, J. dissenting).
Furthermore, the balancing of harms at present favors the Phillipses, who have made significant investment in the construction. That they may be at risk to be ordered to remove the building should the plaintiff prevail in this action; Gilbert v. Repertory, Inc., 302 Mass. 105, 108, 18 N.E.2d 437 (1939); Sterling Realty Co. v. Tredennick, 319 Mass. 153, 157-58, 64 N.E.2d 921 (1946); Canty v. Donouan, 361 Mass. 879, 880 (1972); Harrod v. Rigelhaupt, 1 Mass.App.Ct. 376, 387 (1973); is a risk they apparently have chosen to take. Nevertheless, the magnitude of such risk does not inure to the plaintiffs benefit in applying the analysis of Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980).
Finally, the plaintiff has not demonstrated a likelihood to prevail on the merits. While the plaintiffs motion for a short order of notice asserts that the intention of the Charlton Building Commission to issue a building permit to Phillips (an intention since fulfilled) is “currently under appeal pursuant to G.L.c. 40A, § 17,” it is not clear that this is so. The instant action is an appeal from a decision of the Charlton Zoning Board of Appeals (“ZBA”), which decision addressed “the Decision of the Zoning Enforcement Officer pertaining to 141 Sunset Drive owned by Susan and Hugh Briody” (Lot 30) only. The ZBA acted in response to an appeal filed by the plaintiff. The plaintiffs appeal, while not a model of clarity, clearly focused the ZBA’s attention on the alleged illegality of Lot 30, and expressly noted that the “Building Inspector’s” intent to issue a building permit to the Phillipses “is not the subject of my complaint.” If such intent was not part of the plaintiffs complaint to the ZBA, it is likely, as suggested by the language of the ZBA’s decision, that the ZBA did not rule in such intent, and, therefore, the Building Inspector’s issuance of the permit is not before the court pursuant to an appeal under G.L.c. 40A, §17. In addition, the record is silent on whether, notwithstanding common ownership in Lawrence, Lots 30 and 31 “retained a separate identity,” Lindsay v. Board of Appeals of Milton, 362 Mass. 126, 132 (1972), so as to allow the serial conveyances of Lot 31 at issue. Thus, it is unclear whether, should this court issue a decision in this action reversing the decision of the ZBA as to Lot 30, ipso facto, the Lawrence to Phillips transaction conveying Lot 31 would be undone or the construction by Phillips be halted or reversed.
Accordingly, balancing the risks of harm in light of the plaintiffs chance of success, as demonstrated by the record before the court, the balance does not cut in the plaintiffs favor.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs Motion for Preliminary Injunction shall be and is DENIED.